IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC., PFIZER                      :
PHARMACEUTICALS, LLC,                    :
PFIZER LIMITED, PFIZER                   :
IRELAND PHARMACEUTICALS and              :
C.P. PHARMACEUTICALS                     :
INTERNATIONAL C.V.,                      :
                                         :
                Plaintiffs,              :
                                         :
        v.                               :   Civil Action No. 09-742-JJF
                                         :
SANDOZ INC.,                             :
                                         :
                Defendant.               :

William E. McShane, Esquire of CONNOLLY BOVE LODGE & HUTZ LLP,
Washington, DC.
Rudolf E. Hutz, Esquire; Jeffrey B. Bove, Esquire; Mary W.
Bourke, Esquire; and Daniel W. Mulveny, Esquire of CONNOLLY BOVE
LODGE & HUTZ LLP, Wilmington, Delaware.

Attorneys for Plaintiffs.

David C. Doyle, Esquire of MORRISON & FOERSTER, LLP, San Diego,
California.
Matthew M. D'Amore, Esquire of MORRISON & FOERSTER, LLP, New
York, New York.
Richard K. Herrmann, Esquire; Mary B. Matterer, Esquire; and Amy
Arnott Quinlan, Esquire of MORRIS JAMES LLP, Wilmington,
Delaware.

Attorneys for Defendant.

**O P I N I O N**

January $\partial\!\mathcal{O}$ , 2010
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion To Enjoin Defendant
Sandoz From Proceeding With Its Later Filed Suit In The District
Of Colorado ("Motion To Enjoin") (D.I. 11) filed by Plaintiffs
Pfizer Inc., Pfizer Pharmaceuticals, LLC, Pfizer Ireland
Pharmaceuticals, Pfizer Limited, and C.P. Pharmaceuticals C.V.
Also pending before the Court is Defendant Sandoz Inc.'s Motion
To Transfer (D.I. 15). For the reasons discussed, the Court will
deny Defendant's Motion To Transfer and reserve decision on
Plaintiffs' Motion To Enjoin.

## I. Background

### A. Procedural Background

On October 6, 2009, Plaintiffs Pfizer Inc., Pfizer
Pharmaceuticals, LLC, Pfizer Ireland Pharmaceuticals, Pfizer
Limited, and C.P. Pharmaceuticals C.V. (collectively,
"Plaintiffs") filed this action (the "Delaware Action") against
Defendant Sandoz Inc. ("Defendant"). (D.I. 1.) Plaintiffs
allege that Defendant has infringed U.S. Patent No. 6,455,574
(the "'574 patent") by filing Abbreviated New Drug Application
("ANDA") No. 91-462, which sought permission from the Food and
Drug Administration ("FDA") to market a generic version of
Plaintiff's Caduet® product, pursuant to 35 U.S.C. § 271(e)(2).
(Id. ¶ 34.)

On October 7, 2009, Plaintiffs filed suit against Defendant
in the United States District Court for the District of Colorado

(the "Colorado Action"), alleging the same cause of action. (Id.) On October 16, 2009, Defendant filed its Answer in the Colorado Action. (Id. at 5.) Defendant also asserted counterclaims which allege invalidity and non-infringement of the '574 patent, as well as of U.S. Patent No. 5,686,104 (the "'104 patent"), U.S. Patent No. 5,969,156 (the "'156 patent"), and U.S. Patent No. 6,126,971 (the "'971 patent"). (D.I. 18, Sharp Decl., Ex. 2.) A Scheduling Order has been issued in the Colorado Action. (Id., Ex. 3.) Also on October 26, 2009, Defendant filed a declaratory judgment action in Colorado (the "Colorado Declaratory Judgment Action") seeking declarations of invalidity and non-infringement with regard to the '104, '156, and '971 patents. (Id., Ex. 4 ¶¶ 28-45.)

On October 26, 2009, Defendant filed its Answer And Counterclaims For Declaratory Relief (D.I. 6) in the Delaware Action. By its Counterclaims, Defendant seeks declaratory judgments of invalidity and non-infringement of the '574 patent. Defendant has not raised counterclaims based on the '104, '156, and '971 patents in the Delaware Action, as they have in the Colorado Action.

## B. Factual Background

Pfizer Inc. and Pfizer Pharmaceuticals, LLC are organized under the laws of Delaware. (D.I. 1 ¶¶ 3, 4.) Both maintain principal places of business in New York, New York. (Id.)

Pfizer Limited is incorporated under the laws of England, with offices in Kent, England. (Id. ¶ 5.) Pfizer Ireland Pharmaceuticals is a partnership organized under the laws of Ireland, with registered offices in Dublin, Ireland. (Id. ¶ 6.) C.P. Pharmaceuticals International C.V. is a limited partnership organized under the laws of the Netherlands, with its registered seat in Rotterdam, the Netherlands. (Id. ¶ 8.) Pfizer Pharmaceuticals, LLC and C.P. Pharmaceuticals International C.V. are wholly owned subsidiaries of Pfizer Inc. (Id. ¶¶ 4, 8.) Pfizer Limited and Pfizer Ireland Pharmaceuticals are wholly owned, indirect subsidiaries of Pfizer Inc. (Id. ¶¶ 5, 6.)

Defendant is a Colorado corporation with its principal place of business in Princeton, New Jersey. (D.I. 17, at 4.) It also maintains facilities in North Carolina and Colorado. (Id.) Defendant is licensed with the Delaware Board of Pharmacy, but is not registered with the Delaware Secretary of State, and Defendant states that it does not own or lease any property in Delaware. (Id.)

The '574 patent covers Caduet® products. (D.I. 1 ¶ 12.) Caduet® is used to treat high blood pressure and high cholesterol, and it contains two active ingredients, amlodipine besylate and atorvastatin calcium, in various ratios in a single tablet. (D.I. 25, at 4.) Pfizer Limited and Pfizer Ireland Pharmaceuticals are the beneficial owners of the '574 patent.

3

(D.I. 1 ¶ 7.) C.P. Pharmaceuticals International C.V. is the exclusive licensee of Pfizer Limited under the '574 patent. (Id. ¶ 8.)

## II. Defendant's Motion To Transfer

### A. Parties' Contentions

By its Motion, Defendant contends that the Delaware Action should be transferred to the District of Colorado, where Plaintiffs have filed an identical suit against Defendant. Defendant contends that the District of Colorado is best suited to the interests of justice and the convenience of the parties and witnesses. (D.I. 17, at 10.) With regard to the private interest factors outlined in Jumara, Defendant argues that Plaintiffs' choice of forum- Delaware- is entitled to little weight because Plaintiff chose to initiate a virtually identical action in another forum- Colorado- at almost exactly the same time. (Id. at 10-11.) Further, Defendant argues that Delaware is no more convenient than Colorado, and that none of the events giving rise to this action took place in Delaware. (Id. at 13-14.) With regard to the public interest factors, Defendant contends that significant jurisdictional issues exist in this forum that do not exist in Colorado. (Id. at 15.) According to Defendant, transfer would further the interests of judicial economy because jurisdictional discovery is not needed in the District of Colorado, where jurisdiction is not contested. (Id.

4

at 16.) In addition, Defendant contends that practical considerations favor transfer, and that this matter can be more expeditiously resolved in Colorado. (Id. at 17.)

Plaintiffs respond that its choice to litigate in Delaware is entitled to paramount consideration, and that Defendant has not met its burden of proving that the interests of justice strongly favor transfer. (D.I. 25, at 8.) Because the tort of patent infringement allegedly arose in Delaware, and Pfizer Inc. is incorporated in Delaware, Plaintiffs maintain that Delaware has an interest in the litigation. (Id. at 9-10.) Plaintiffs also contend that Colorado is no more convenient than Delaware. (Id. at 14.) With regard to the public interest factors, Plaintiffs argue that practical considerations strongly weigh in favor of keeping the action in Delaware. First, Plaintiffs contend that there is no substantial issue of personal jurisdiction, as Defendant argues, because Defendant has repeatedly appeared before this Court without contesting personal jurisdiction. (Id. at 12, 16-17.) Moreover, Plaintiffs contend that numerous related cases are pending in Delaware, and thus, this Court's familiarity with the subject matter of this action weighs against transfer. (Id. at 12.) Finally, Plaintiffs assert that this Delaware Action has priority over the Colorado Action under the first-to-file rule. (Id. at 21-22.)

5

**B.    Legal Standard**

Under 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In determining whether to transfer a case pursuant to § 1404(a), courts in the Third Circuit apply the public and private interest factors outlined in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995).  Courts consider the following private interests: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, again, only to the extent that they may not be available in one of the fora. Id. at 879.  Courts consider the following public interests: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law.  Id. at 879-80.  A transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer.  Cont'l Cas. Co. v. Am. Home Assurance Co., 61 F. Supp. 2d 128, 131 (D. Del. 1999).

6

## C. Discussion

As a threshold matter, the Court concludes that the present action could have been brought in the District of Colorado. See Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 762 (D. Del. 1991)(noting that the party moving for transfer bears the burden of proving that the action properly "could have been brought in the transferee district" in the first instance). Upon consideration of the parties' arguments, 28 U.S.C. § 1404(a), and the private and public interest factors outlined in Jumara, the Court concludes that transfer to the District of Colorado is not warranted.

The Court concludes that the private interest factors do not weigh strongly in favor of transfer. Plaintiffs clearly prefer Delaware as a forum for this action, while Defendant prefers Colorado. Generally, a plaintiff's choice of forum is entitled to "paramount consideration," and should not lightly be disturbed. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). However, Defendant contends that Plaintiffs' forum choice is entitled to little deference because Plaintiffs filed almost identical suits in Delaware and Colorado. (D.I. 17, at 11.)

A discussion of Plaintiffs' forum choice cannot be conducted without reference to the Hatch-Waxman Act. Under this Act, once a patent holder receives notice that a generic drug company has filed an ANDA, that patent holder has a statutory 45-day window

7

in which to bring suit against the ANDA filer. See 21 U.S.C. §
355(j). The statute is silent on whether a patent holder loses
its right to sue if its suit is dismissed for lack of personal
jurisdiction after the 45-day window has expired. See e.g.,
Pfizer Inc. v. Apotex, Inc., C.A. No. 08-948-LDD, 2009 WL
2843288, at *3 n.4 (D. Del. Aug. 13, 2009); Abbott Labs. v. Mylan
Pharms., Inc., No. 05-C-6561, 2006 WL 850916, at *8 (N.D. Ill.
Mar. 28, 2006). Thus, at least one court has recognized that the
ambiguities in the Hatch-Waxman Act put patent holders "between a
jurisdictional rock and a hard place: file suit in the forum of
choice but risk losing patent protection if the suit is dismissed
for personal jurisdiction, or file suit in the only known safe
forum. . ." Abbott Labs., 2006 WL 850916, at *8. As a result,
patent holders are apparently filing "protective" ANDA suits with
increasing frequency. See id. Such is the case here, where
Plaintiffs filed the Delaware Action and the "protective"
Colorado Action a day later.

Plaintiffs now rely on the first-filed rule in order to
argue against transfer, and to proceed in the Delaware Action
rather than the Colorado Action. See EEOC v. Univ. of Pa., 850
F.2d 969, 971-72 (3d Cir. 1988)(stating that in the absence of
extraordinary circumstances, bad faith, inequitable conduct, or
forum shopping, "[i]n all cases of federal concurrent
jurisdiction, the court which first has possession of the subject

8

must decide it."). Numerous courts have declined to find that a plaintiff acts in bad faith or engages in forum shopping when it files a protective suits against an ANDA filer. See Aventis Pharma S.A. v. Sandoz Inc., 2007 WL 1101228, at *4 (D.N.J. Apr. 10, 2007)(finding that plaintiff's explanation for why it initiated duplicative actions against an ANDA filer "sufficiently refutes any allegeation of judge or forum shopping"); Adams Respiratory Therapeutics, Inc. v. Perrigo Co., No. 1:07-cv-993, 2007 WL 4284877, at *2 (W.D. Mich. Dec. 3, 2007)(finding that in light of "the extraordinary time limit placed on the filing of suits under the Hatch-Waxman Act," the circumstances did not demonstrate that plaintiff acted in bad faith or engaged in forum shopping by filing duplicative actions).

Defendant primarily relies on Pfizer v. Apotex for its contention that Plaintiffs' forum choice is not entitled to paramount consideration. In Apotex, the Court granted Apotex Inc.'s motion to transfer, finding that "it would be inappropriate to allow a plaintiff to file identical actions in different courts and then pick the court in which it wishes to proceed." Apotex, 2009 WL 2843288, at *3. Apotex notes case law which questions the propriety of filing protective suits. Id. at *3 n.4. Further, Apotex highlights the statutory provision, 28 U.S.C. § 1631, which permits district courts lacking in personal jurisdiction to transfer rather than dismiss

9

if transfer would be "in the interest of justice."  Id.  Courts
in the District of Delaware have shown a willingness to invoke §
1631.  See Forest Labs. Inc. v. Cobalt Labs. Inc., 08-21-GMS-LPS,
2009 WL 605745, at *12-14 (D. Del. Mar. 9, 2009).  Defendant
further contends that Plaintiffs' forum choice is not entitled to
paramount consideration because Plaintiffs' strategy of filing
suit in their preferred forum (Delaware) and in a protective
forum needlessly burdens the court system.  (D.I. 17, at 8.)
Because the Court concludes that Defendant has not otherwise
proven that any of the private and public interest factors
strongly weigh in favor of transfer, in this instance,
determining whether Plaintiffs' forum choice remains entitled to
paramount consideration is not necessary.

Moving on to the other private interest factors, the Court
concludes that the convenience of the parties is neutral.
Although Pfizer Inc. is incorporated in Delaware, it maintains no
Delaware facilities.  Because Pfizer Inc.'s offices are in New
York though, Delaware is undoubtedly more convenient for
Plaintiffs than Colorado.  In contrast, Defendant is a Colorado
corporation, with its largest manufacturing facility located in
Colorado.  It is not registered to do business in Delaware, and
apparently has no physical presence in Delaware.  Colorado is
undoubtedly more convenient for Defendant than Delaware.
Accordingly, the convenience of the parties is neutral.  The

convenience of witnesses and the location of books and records is also neutral. Defendant admits that it can "produce [its] records and witnesses with equal ease in Colorado or Delaware," (D.I. 17, at 13) and Plaintiff states that it is "unaware of any Pfizer or Sandoz witness or document that would be available in Colorado but would not be available in Delaware" (D.I. 25, at 14). Because the convenience of the witnesses and the location of books and records are relevant "only to the extent that [they] may actually be unavailable for trial in one of the fora," Jumara, 55 F.3d at 879, these factors are neutral.

The parties disagree on where the events giving rise to Plaintiffs' claim took place. Citing Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558 (Fed. Cir. 1994), Defendants contend that the injury from patent infringement occurs where the infringing activity takes place. (D.I. 17, at 14.) Because the ANDA was prepared and submitted in New Jersey, Defendants contend that the claim arose in New Jersey. (Id.) Plaintiffs contend that Beverly Hills Fan is inapplicable to the "highly artificial" patent infringement created by 35 U.S.C. § 271(e)(2), and therefore, that the injury occurs where the patent holder resides- Delaware. (D.I. 25, at 10.) Even if the claim arose in New Jersey rather than Delaware, it does not support transferring this action to Colorado. At best for Defendant, this private interest factor is neutral.

11

In addition, the Court concludes that the public interest factors do not strongly weigh in favor of transfer. Because the parties do not argue them, the enforceability of the judgment, public policies of the fora, and the trial judge's familiarity with the applicable state law are neutral. Defendant contends that there are no relevant local interests, as this action involves federal patent law. (D.I. 29, at 11.) Plaintiff contends that Delaware has a substantial interest in maintaining lawsuits brought by its corporate citizens, Amgen, Inc. v. Ariad Pharms., Inc., 513 F. Supp. 2d 34, 46 (D. Del. 2007), yet Colorado likely possesses a similar interest with regard to lawsuits involving its corporate citizens. Accordingly, the local interest factor is neutral. The Court further finds that there are no significant congestion differences between this District and the District of Colorado, and that this factor is also neutral with regard to transfer. (See D.I. 25, at 15.)

The Court concludes that practical considerations, including considerations of judicial economy, do not strongly favor transfer to the District of Colorado. Although Defendant notes that a Scheduling Order has already been entered in the Colorado Action, the Colorado Action is not significantly further along in litigation than the Delaware Action. Defendant's primary contention is that, like the recent case of Apotex, it is unclear whether this Court can exercise personal jurisdiction over

12

Defendant. (D.I. 17, at 15.) Accordingly, Defendant argues, considerations of judicial economy favor transfer to Colorado, where personal jurisdiction is not contested. (Id.) In the Court's view, this action is distinguishable from Apotex, in which the Court was able to determine that "difficult legal and factual issues" existed with respect to personal jurisdiction, and that jurisdiction could not be exercised over Apotex Inc. without jurisdictional discovery. Although Defendant has not consented to personal jurisdiction in this Court (D.I. 6 ¶ 16; D.I. 17, at 15 n.8), the scope of the jurisdictional dispute is much less apparent than in Apotex.

Plaintiffs contend that practical considerations weigh against transfer, asserting that this Court has substantial familiarity with both the Lipitor®[1] and Caduet® subject matters, and therefore, the action will proceed more expeditiously in Delaware. (D.I. 25, at 15.) Defendant contends that both this Court and the District of Colorado are equally capable of handling this action (D.I. 29, at 12-13), yet assuming this to be true, it does not weigh in favor of transfer. At most, practical considerations and judicial economy concerns are also neutral towards transfer.

---

[1] As previously noted, Caduet® contains two active ingredients, amlodipine besylate and atorvastatin calcium. Plaintiffs also markets each of these active ingredients individually as Norvasc® (amlodipine besylate) and Lipitor® (atorvastatin calcium. (D.I. 25, at 4.)

In sum, the Court declines to transfer this action pursuant to 28 U.S.C. § 1404(a) because Defendant has not met its burden of proving that the private and public interest factors strongly weigh in favor of transfer. The Court concludes that the private and public interest factors are evenly balanced, and that transfer is inappropriate in such circumstances.

## III. **Plaintiffs' Motion To Enjoin**

### A. **Parties' Contentions**

By its Motion to Enjoin, Plaintiffs ask this Court to enjoin Defendant from proceeding any further in the Colorado Declaratory Judgment Action. (D.I. 12, at 1.) In support of its Motion, Plaintiffs contend that the Delaware Action is the first-filed action, and that the claims raised by Defendant in its Colorado Declaratory Judgment Action should have been raised as compulsory counterclaims in the Delaware Action. (Id. at 7-8.) Accordingly, Plaintiffs contend that the first-filed rule applies, and that the Court should enjoin the later-filed proceeding. In response, Defendant contends that the filed doctrine is a discretionary rule whose application is inappropriate in this action. (D.I. 22, at 6-7.) Specifically, Defendant argues that it was Plaintiffs who chose to pursue a two-court strategy by filing a "protective" suit in the District of Colorado. (Id. at 8.) Further, Defendant contends Plaintiffs' Motion To Enjoin is unnecessary and duplicative in light of the

14

fact that motions to stay or transfer both the Colorado Action and the Colorado Declaratory Judgment Action have been filed in the District of Colorado. (Id. at 9-10.)

## B. Legal Standard

Under the "first-filed" doctrine, "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." EEOC, 850 F.2d at 971. The doctrine functions as a policy which "encourages sound judicial administration and promotes comity among federal courts of equal rank." Id. It provides district courts with the authority to enjoin "the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." Id. In the Third Circuit, invocation of the first-filed doctrine "will usually be the norm, not the exception," id. at 979, but the district court has discretion to depart from it in "appropriate circumstances." Id. at 972. Such circumstances include "inequitable conduct, bad faith, or forum shopping." Id.

## C. Discussion

The Court will reserve decision on Plaintiffs' Motion To Enjoin Defendant from proceeding in the Colorado Declaratory Judgment Action. By its Motion, Plaintiffs only seek to enjoin Defendant from proceeding with the Colorado Declaratory Judgment Action. However, Motions To Transfer Or Stay for both the Colorado Action and the Colorado Declaratory Judgment Action are

15

currently pending before the Colorado Court. (D.I. 13, Mulveny Decl., Exs. D, H.) In an effort to efficiently resolve all pending venue disputes between the parties, the Court will reserve decision on the pending Motion To Enjoin until the Colorado Court decides its pending transfer motions.

## III. **Conclusion**

For the reasons discussed, the Court will deny Defendant's Motion To Transfer. The Court will reserve decision on Plaintiffs' Motion To Enjoin Defendant Sandoz From Proceeding With Its Later Filed Suit In The District Of Colorado.

An appropriate Order will be entered.